■ In the Matter of CITY OF POUGHKEEPSIE, Respondent, v CITY OF POUGHKEEPSIE UNIT, DUTCHESS COUNTY CHAPTER CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. — The appeal is from a judgment of the Supreme Court, Dutchess County, dated September 22, 1980, which permanently stayed arbitration. Judgment reversed, on the law, without costs or disbursements, petition dismissed and the parties are directed to proceed to arbitration. Since there is a reasonable relationship between the subject matter of the instant dispute and the general subject matter of the underlying contract, it was for the arbitrator, not the courts, to determine the scope of the agreement. (See, *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91.) Titone, J. P., Mangano, Gulotta and Thompson, JJ., concur.

■ In the Matter of DONNA M. and Another. BROOKLYN SPCC, Respondent; GEORGE M., Appellant. — Appeal from an order of the Family Court, Kings County, dated September 13, 1979, which directed that appellant be incarcerated for a period of six months. Order affirmed, without costs or disbursements. With respect to appellant's claim that section 1072 of the Family Court Act is unconstitutional, we note that such claim was not raised in the Family Court. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ In the Matter of DUAN McMANUS et al., Petitioners, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated August 28, 1979 and made after a statutory fair hearing, which denied petitioners' application for a special grant to pay mortgage arrears in order to forestall foreclosure. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a *de novo* fair hearing. The decision after the fair hearing was partly based on the conclusion that the monthly carrying charges would remain at $436 if the requested special grant were allowed when, in fact, it would have been substantially reduced. (We note that the amount needed by petitioners would have satisfied the mortgage.) It also incorrectly assumed that the special grant needed to preserve the ownership was $20,000 (based, for the larger part, on judgment liens) apparently disregarding the exemptions of homestead (CPLR 5206) and bankruptcy (US Code, tit 11, § 522, subd [d]). Also, it is not clear that the decision sufficiently took into account the factors set forth in 18 NYCRR 352.27 (b). Damiani, J. P., Lazer, Gibbons and Cohalan, JJ., concur.